1  **HAGENS BERMAN SOBOL SHAPIRO LLP**
   Shana E. Scarlett (217895)
2  715 Hearst Avenue, Suite 202
   Berkeley, CA 94710
3  Telephone: (510) 725-3000
   Facsimile: (510) 725-3001
4  shanas@hbsslaw.com

5  **HAGENS BERMAN SOBOL SHAPIRO LLP**
   Robert B. Carey (*pro hac vice forthcoming*)
6  John M. DeStefano (*pro hac vice forthcoming*)
   11 West Jefferson Street, Suite 1000
7  Phoenix, Arizona 85003
   Telephone: (602) 840-5900
8  Facsimile: (602) 840-3012
   rob@hbsslaw.com
9  johnd@hbsslaw.com

10 **NEGRETTI & ASSOCIATES PLC**
   Jonathan Negretti (294872)
11 2415 E Camelback Rd, Suite 700
   Phoenix, AZ  85016
12 Telephone: (602) 531-3911
   jonathan@negrettilaw.com
13
   *Attorneys for Plaintiff and the Proposed Class*
14

15             UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17                 SAN JOSE DIVISION

18 | GORDON BEECHER, an individual, individually and on behalf of all others similarly situated, | No. 5:18-cv-753 |
19 | | |
   | Plaintiff, | **CLASS ACTION COMPLAINT** |
20 | | |
   | v. | **DEMAND FOR JURY TRIAL** |
21 | | |
22 | GOOGLE NORTH AMERICA INC., a Delaware corporation. | |
23 | Defendant. | |

24

25

26

27

28

CLASS ACTION COMPLAINT
No.: 5:18-cv-753
010729-11 1013438 V1

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ..................................................................................................................1

II.     JURISDICTION AND VENUE ..........................................................................................2

III.    PARTIES ...............................................................................................................................2

IV.     FACTUAL BACKGROUND ...............................................................................................3

        A.      The Project Fi Mobile Data Plan ...........................................................................3

        B.      Google Bills Its Customers for Data Service It Did Not Provide.............................7

V.      CLASS ACTION ALLEGATIONS ...................................................................................11

VI.     CLAIMS FOR RELIEF ......................................................................................................13

COUNT I  VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT
        (CAL. CIV. CODE § 1750, ET SEQ.) ................................................................13

COUNT II  VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW
        (CAL. BUS. & PROF. CODE § 17200, ET SEQ.) ..............................................16

COUNT III  VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW
        (CAL. BUS. & PROF. CODE § 17500, ET SEQ.) ..............................................18

COUNT IV  BREACH OF CONTRACT ....................................................................................19

PRAYER FOR RELIEF ................................................................................................................20

DEMAND FOR JURY TRIAL .....................................................................................................21

1

# I.    INTRODUCTION[1]

2

    1.    When a mobile phone service promises to charge its customers only for the data it

3

provides to its customers, it cannot charge for data independently provided by third parties.  When it

4

agrees to bill on a per-gigabyte basis, the mobile phone service must track the usage of its data

5

service accurately so that it bills its customers only for the data service that they use, and no more.

6

When a mobile phone service makes such a promise and then bills its customers for data that

7

customers obtain independently, it violates the contractual rights of its customers as well as

8

California law prohibiting fraud, unjust enrichment, and unlawful, unfair, and deceptive practices.

9

    2.    Gordon Beecher ("Plaintiff") is suing Google North America Inc. ("Google" or

10

"Defendant") over Google's practice of billing its mobile data customers for data usage beyond what

11

Google's service itself provides. Google provides mobile phone and data services under a program

12

entitled "Project Fi." Through the Project Fi service, Google provides customers with access to

13

mobile data services in partnership with various mobile data carriers. Google promises to deliver

14

mobile data and bill customers per each gigabyte that customers use through the Project Fi system

15

and its affiliated networks.  But instead of tracking the data service customers receive using Project

16

Fi and its affiliates, Google's software tracks the data service that customers receive from any source

17

and then takes credit for such service. This means that Google takes credit, and bills customers, for

18

data delivered over the customers' home networks and public wi-fi connections that are available to

19

the customer independent of Google and its mobile data partners. Google bills users for data obtained

20

through alternate connections *even if Google is not providing access to that data service and in*

21

*many cases the customers are paying the third parties who actually provide the service.* When a

22

consumer pays separately for home wi-fi service or obtains free wi-fi service from an open

23

connection, Google by its own admission cannot take credit and bill for it.

24

    3.    Google has violated and continues to violate Plaintiff's rights under California law by

25

marketing, selling, and providing mobile data service while inaccurately and unlawfully billing its

26

27

---

[1] Plaintiff, by and through his attorneys, based on his individual experiences, makes these allegations based on the investigation of counsel, and upon information and belief.

28

1    customers for services that Google does not provide. This practice unjustly enriches Google at the

2    expense of Plaintiff and class members. Google's conduct violates Plaintiff's rights under his written

3    agreement with Google as well as California statutory and common law prohibitions of fraud,

4    misrepresentation, unfair competition, and unjust enrichment. Plaintiff seeks, on behalf of himself

5    and a class of similarly situated consumers, compensation from Google, as well as injunctive relief

6    for violations of Plaintiff's rights flowing from Google's unlawful tracking of and billing for data not

7    provided through its service.

8    ## II.      JURISDICTION AND VENUE

9           4.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act

10   of 2005, 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from

11   Defendant, there are more than 100 class members, and the aggregate amount in controversy exceeds

12   $5,000,000.

13          5.      The Court has personal jurisdiction over Plaintiff because Plaintiff submits to this

14   Court's jurisdiction. This Court has personal jurisdiction over Defendant because Defendant has its

15   principal place of business in this district, Defendant transacts business in this district, and Defendant

16   consented to the jurisdiction of the federal or state courts of Santa Clara County, California, in

17   written terms of service on Google's website.

18          6.      Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial part

19   of the events or omissions giving rise to the claims occurred and/or emanated from this District and

20   Defendant has caused harm to class members residing in this District. Further, venue is proper

21   because Defendant has consented to the venue of the federal or state courts of Santa Clara County,

22   California, in written terms of service on Google's website.

23   ## III.      PARTIES

24          7.      Plaintiff Gordon Beecher is a Colorado citizen and a consumer who has purchased

25   and continues to purchase Google's Project Fi services for his personal use.

26          8.      Defendant Google North America Inc. is a Delaware corporation with its principal

27   place of business in Mountain View, California. Google North America Inc. owns and operates the

28   Project Fi mobile phone and data service as alleged throughout this Complaint.

CLASS ACTION COMPLAINT                          - 2 -
No.: 5:18-cv-753
010729-11 1013438 V1

9.      Plaintiff brings this action individually and on behalf of a class of Google consumers as defined below.

## IV.    FACTUAL BACKGROUND

**A.      The Project Fi Mobile Data Plan**

10.     Among its broad assortment of internet-related services and products, Google offers a mobile phone and data service. Google calls the service "Project Fi." Google has partnered with several mobile data carriers to provide Project Fi users with access to mobile data on a pay-as-you-go basis.

11.     Users of the mobile data service choose a monthly data allocation as an estimate of their monthly charge, but Google bills per gigabyte of data used. That is, Google generally charges $10 per gigabyte of data actually used, whether as part of the pre-purchased data allocation or additional data used by the customer.

12.     Google's Terms of Service falsely assure customers that Google will bill them only for their use of Google's products and services ("Services").

13.     Under the Terms of Service, Google requires users only "to pay all applicable charges for the Services you use."

14.     The Terms of Service authorize Google only "to automatically collect payments of all charges associated with the use of the Services from your designated payment method."

15.     And through the Terms of Service, Google promises that it will use information collected from customers' devices to "[b]ill you and collect payment for the Services and devices that you [customers] purchased."

16.     Price and billing method are central and material considerations for consumers shopping for and purchasing a mobile data plan. Google advertises Project Fi primarily through its website, fi.google.com. Reasonable consumers considering whether to purchase Google's mobile data plan would investigate Google's website to determine how the plan is priced and billed, and they regularly do consult and rely upon it. Whether data usage is billed at a flat monthly rate or on a pay-as-you-go basis is of paramount importance to the average consumer, as is the rate at which data

usage is billed. Consumers generally expect and assume that a mobile data service provider will not bill them for mobile data that they obtain independently from other sources.

17.     Google's website contains numerous prominent statements, including the Terms and Conditions above, which misrepresent that accuracy and affordability of the mobile data plan. Google consistently emphasizes that customers will be billed only for the data provided through Google's service even though Google bills for data that the users access independent of Google and its affiliated networks. Google falsely assures customers that they will not be billed for data that they do not receive or need from Google.

18.     Through early 2018, Google's home page for the mobile data plan stated in large, bold type: "Never pay for unused data. Mmm…sweet. $10/GB for data you use and credit back for data you don't. No contracts and no sneaky fees."

19.     Immediately below that text, a link to "Plan Details" leads to a page that states "Never pay for unused data" and "Data $10/GB" in large print.

20.     Google's home page for the mobile data plan currently states that the plan "makes saving twice as sweet" and assures consumers that "Bill Protection makes sure you're never paying for data you don't need."

21.     Google's Frequently Asked Questions page for Project Fi specifically assures consumers that they will never be billed for data obtained from other sources independent of Google's mobile data service.

22.     The Frequently Asked Questions link is prominently displayed at the top of the service's home page alongside links regarding "Plan," "Phones," and "Coverage." Under the heading "Plan and Pricing" in the Frequently Asked Questions, in response to the question "Am I charged for data usage when I'm connected to an open Wi-Fi hotspot or my home Wi-Fi?" Google states, "No, you are not charged for the data you use when connected to open or home Wi-Fi. We only charge $10 per GB for the cellular data you use."

23.     In 2015 and 2016, Google emphasized the accuracy of its billing plan and its promise not to bill customers for data they independently obtain, by stating on its website, "Never pay for

unused data . . . you pay only for what you use." Google further promised "A bill that's easy to understand."

24.     In 2017, Google continued with the same marketing angle, stating on its website, "Get credited for the data you don't use" and "You should never pay for something you don't use."

25.     In 2015, Google published a promotional video stating that Project Fi offers "prices that make sense, and tech that just works."

26.     In 2017, Google published a promotional video with the caption, "A simple plan with no contracts and no hidden fees."

27.     In 2017, Google published a promotional video addressing the cost of its mobile data service. The 15-second spot states, "Save for the things you want" while a beaming woman adds a giant porcelain owl to her owl shrine. A second caption reads, "By never paying for data you don't use."

28.     In 2017, Google published a second promotional video addressing the cost of its mobile data service. The 15-second spot states, "Save for the things you want" while a man hefts a large bonsai tree into his bonsai salon. A second caption reads, "By never paying for data you don't use."

29.     As a further demonstration of Google's offer to charge users only for the data that they access through Google's service, the Project Fi website contains a calculator allowing visitors to calculate the monthly expense of the service based on the number of lines, the amount of monthly data requested, and the amount of that data allocation that remains unused at the end of the month.

30.     The clear implication of the fee calculator is that users will only be charged for the data obtained by way of Google's mobile data service—the reason their data usage is measured against the monthly allocation—and that users will be rewarded for using less than all of the data allocation that they pre-purchase from Google.

31.     Google further touts the affordability of its mobile data service on its website with the catchphrase, "All the bells and whistles without the nickels and dimes."

32.     Google promises its customers that they will be rewarded for limiting their usage of Google's data service because the service lets them "[r]ake in credits for [their] unused data with a contract-free plan."

33.     Google promises prospective customers that they will "never pay for unused data."

34.     Google advertises Project Fi as being "Fair and simple. Just the phone plan you've been craving."

35.     Google has also promoted the accuracy and ease of its billing system on Twitter. In early 2018, Google posted, "Get data by the slice, or the pie, and only pay for the gigs you use."

36.     On Halloween 2017, Google posted on Twitter, "When it comes to pricing, we creep it simple. Learn more about our plan."

37.     In August 2017, Google posted on Twitter, "Getting automatic credits back for unused data is kind of like finding a lucky penny (but way easier)."

38.     Numerous media outlets have relied on false statements by Google on its website and elsewhere to inform the public about the billing system.

39.     For instance, based upon Google's public marketing statements, *Forbes* reported that Project Fi "has straightforward pricing and usage info" and that users "set how much you think you'll need in data each month . . . and then are only charged for exactly how much you use."

40.     Based upon Google's public marketing statements, tech website The Verge reported in 2017, "[Y]ou pay $20 per month for your phone and $10 per GB of data that you use. That's pretty much it."

41.     Based upon Google's public marketing statements, tech website Androidcentral reported in 2018, "Project Fi is focused on simplified billing. You pay $20 per month for unlimited talk and texting, and a flat rate of $10 per gigabye of data used."

42.     Based upon Google's public marketing statements, *PC Magazine* reported in 2017, "Fi's plans can cost less than they appear to because you only get charged for the data you use."

**B.     Google Bills Its Customers for Data Service It Did Not Provide**

43.     In early August 2017, Plaintiff Gordon Beecher switched his cell phone service to Project Fi.

44.     Later that same month, Mr. Beecher began receiving notices from the Project Fi software on his phone reflecting his data usage. The data usage notices were not correct because they included data that Mr. Beecher had received from data services unrelated to Project Fi.

45.     Each month, while connected to third-party (non-Project Fi) wi-fi connections that are separately arranged or free, Mr. Beecher accesses approximately 4-14 gigabytes of data from wireless internet providers other than Google.

46.     For example, the data usage indicator on Mr. Beecher's phone confirms that he accessed only 2-3 gigabytes of data for one month via mobile wireless, while he accessed approximately 6-7 gigabytes of data from other wireless internet services such as his home wireless network. A screenshot of Mr. Beecher's phone showing similar usage (3.11GB of mobile data and 6.03GB of non-mobile wifi data) for the August-September 2017 billing cycle appears below:



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

47.     Nonetheless, even though Google did not provide non-mobile data service or bear the expense of it, Google tracked Mr. Beecher's use of data across all services, including non-Google, non-mobile data services. A screenshot of Mr. Beecher's phone showing that the Project Fi app failed to distinguish between mobile and non-mobile data usage for the August-September 2017 billing cycle appears below:



48.     Because Google calculated charges based upon Mr. Beecher's total data usage across all services not limited to Google's, Google wrongly charged Mr. Beecher for the use of data service that Google did not provide. Google billed Mr. Beecher for the use of other data services even when the mobile data feature on his phone was disabled, proving that Google billed Mr. Beecher for the use of data service that he could not have been receiving through Google's service.

49.     Google automatically charged Mr. Beecher's Google Payments account for his data use for August-September and the succeeding months.

CLASS ACTION COMPLAINT                                       - 8 -
No.: 5:18-cv-753
010729-11 1013438 V1

50.     Google charged Mr. Beecher for the use of approximately 6-11 gigabytes per month, at $10 per gigabyte, that Mr. Beecher had obtained from other data service providers, resulting in overcharges totaling more than $200 over the first three months of his contract with Project Fi.

51.     Google's charges for data obtained from unrelated data service providers were made without authorization and in violation of Google's contracts with its customers.

52.     Google's advertisements and charges were also deceptive because they would lead a reasonable customer to believe that payments were limited to Project Fi data usage only when, in reality, Google was charging customers for the use of data independently obtained from other data providers. A reasonable customer relying on Google's advertising statements and billing documents would be misled into thinking that charges were limited to the use of data from Project Fi and its affiliates. Further, Google has actively concealed the overcharge from its customers by misstating the basis for amounts billed and establishing a company policy of refusing to answer or address customer complaints relating to the overbilling.

53.     Over the course of multiple phone inquiries by Plaintiff during September, October, and November 2017 regarding the overbilling, Google failed to reveal or explain defect in its billing system and failed to redress Plaintiff's billing disputes. During these phone calls, Google acknowledged that the billing errors were an issue that other users had reported and an issue known to Google.

54.     To discover the overcharge, a customer would have to inspect the data usage on his phone through the technical features of his operating system if possible or a third-party app, compare it to Google's bill, and determine what portion of the billed charges actually derive from the use of Google's mobile data service.

55.     Google's wrongful billing procedure is not limited to Mr. Beecher's account, but extends across all users of the Project Fi wireless internet service, numbering in the thousands.

56.     Google has received complaints from other customers who were billed for data not provided by Google, and despite knowing of the problem for many months, Google has failed to rectify it.

57.     For example, in February 2017, a customer with the username arthurjguy reported on Reddit.com, in the subreddit /r/ProjectFi, that Google was overbilling him by several gigabytes each month. The customer contacted Google's customer support department, but Google failed to identify the source of the problem or rectify it. An excerpt from this subreddit appears below:



58.     As recently as January 2018, another customer named William Michael Cunningham reported in an online Project Fi Help Forum that he was being billed for data usage well in excess of the mobile data accessed on his phone, as recorded by his phone's data usage meter, going back at least as far as March 2017. Mr. Cunningham opened at least nine separate cases with Google's customer support department. Despite his repeated complaints, Google failed to identify the source of the problem or rectify it. Excerpts from Mr. Cunningham's forum posts appear below:



Here is my point: I am being charged for 10 gb of data when I only use 2 gb of data over mobile. In addition, I think the phone is hijacked,

## V.    CLASS ACTION ALLEGATIONS

59.    Plaintiff Gordon Beecher brings this action under Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on his own behalf and on behalf of the following class of plaintiffs:

> All past and present subscribers of Google mobile data services
> who have been charged by Google for the use of data services
> independently provided by third parties.

60.    The persons in the class are so numerous that individual joinder of all members is impracticable under the circumstances of this case. Although the precise number of such persons is unknown, the exact size of the class is easily ascertainable as each class member can by identified by using Defendant's records. Plaintiff is informed and believes that there are many thousands of class members.

61.    There are common questions of law and fact specific to the class that predominate over any questions affecting individual members, including:

(a)    Whether Google's contract allows for it to charge for data services independently provided by third parties;

(b)    Whether Google overcharges its Project Fi subscribers;

(c)    Whether such overcharges breach Google's contracts with its subscribers;

(d)    Whether Google concealed its billing problem from its subscribers;

(e)    Whether Google misrepresented its billing practices to subscribers;

(f)    Whether Google's misrepresentations and omissions regarding its billing practices were likely to deceive a reasonable person in violation of the CLRA, Cal. Civ. Code §1750 et seq.;

(g)    Whether Google violated the unlawful prong of the UCL, Cal. Bus. & Prof. Code §17200 et seq.,  by its violation of the CLRA;

(h)    Whether Google's misrepresentations and omissions regarding its billing practices were likely to deceive a reasonable person in violation of the fraudulent prong of the UCL;

(i)    Whether Google's business practices, including the marketing and sale of Project Fi services, offend established public policy and cause harm to consumers that greatly outweighs any benefits associated with those practices;

(j)    Whether Google's misrepresentations and omissions regarding its billing practices were likely to deceive a reasonable person in violation of the FAL, Cal. Bus. & Prof. Code §17500 et seq.;

(k)    Whether Google breached its Project Fi subscriber contracts regarding its billing practices;

(l)    Whether Plaintiff and class members are entitled to damages, restitution, restitutionary disgorgement, equitable relief, and/or other relief; and

(m)    The amount and nature of such relief to be awarded to Plaintiff and the class.

62.    Plaintiff's claims are typical of the class's claims, as they arise out of the same course of conduct and the same legal theories as the rest of the class, and Plaintiff challenges the practices and course of conduct engaged in by Defendant with respect to the class as a whole.

63.    Excluded from both classes are Defendant, its employees, co-conspirators, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies; class counsel and their employees; and the judicial officers and associated court staff assigned to this case.

64.    Plaintiff will fairly and adequately protect the interests of the class. He will vigorously pursue the claims and has no antagonistic conflicts. Plaintiff has retained counsel who are able and

1    experienced class action litigators and are familiar with representing plaintiffs in large-scale

2    consumer and commercial claims.

3           65.    Google has acted or refused to act on grounds that apply generally to both classes, and

4    final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a

5    whole. A class action is also appropriate because Google has acted and refused to take steps that are,

6    upon information and belief, generally applicable to thousands of individuals, thereby making

7    injunctive relief appropriate with respect to both classes as a whole.

8           66.    Questions of law or fact common to class members predominate over any questions

9    affecting only individual members. Resolution of this action on a class-wide basis is superior to other

10   available methods and is a fair and efficient adjudication of the controversy because in the context of

11   this litigation no individual class member can justify the commitment of the large financial resources

12   to vigorously prosecute a lawsuit against Google. Separate actions by individual class members

13   would also create a risk of inconsistent or varying judgments, which could establish incompatible

14   standards of conduct for Google and substantially impede or impair the ability of class members to

15   pursue their claims. It is not anticipated that there would be difficulties in managing this case as a

16   class action.

17          67.    Plaintiff reserves the right to amend all class allegations as appropriate, and to request

18   any state law subclasses or other subclasses if necessary, upon completion of class-related discovery

19   and motions for class certification.

20          68.    California law governs the claims of Plaintiff and the class because Google's Terms

21   of Service provide, "The laws of California, U.S.A., excluding California's conflict of laws rules,

22   will apply to any disputes arising out of or relating to these terms or the [Project Fi] Services."

**VI.    CLAIMS FOR RELIEF**

**COUNT I**
**VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT**
**(CAL. CIV. CODE § 1750, ET SEQ.)**

26          69.    Plaintiff incorporates the allegations set forth above as if fully set forth herein.

27          70.    Defendant is a "person" under Cal. Civ. Code § 1761(c).

28

CLASS ACTION COMPLAINT                               - 13 -
No.: 5:18-cv-753
010729-11 1013438 V1

71.     Plaintiff is a "consumer," as defined by Cal. Civ. Code § 1761(d), who purchased the Project Fi service.

72.     Plaintiff has filed concurrently with this Complaint an affidavit that shows venue in this District is proper, as required by Cal. Civ. Code § 1780(d).

73.     Google participated in unfair or deceptive acts or practices that violated the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq., as described above and below. Defendant is directly liable for these violations of law.

74.     By failing to disclose and actively concealing the Project Fi overcharges, and by misrepresenting that consumers would be charged only for data services provided through Google's service, Google engaged in deceptive business practices prohibited by the CLRA, Cal. Civ. Code § 1750, et seq., including (1) representing that Project Fi has characteristics, uses, benefits, and qualities which it does not have, (2) representing that the Project Fi service is of a particular standard, quality, and grade when it is not, (3) advertising Project Fi with the intent not to bill customers for the service as advertised, (4) representing that a transaction involving Project Fi confers or involves rights, remedies, and obligations which it does not, and (5) representing that the subject of a transaction involving Project Fi has been supplied in accordance with a previous representation when it has not.

75.     As alleged above, Google made numerous material statements about the accuracy and scope of charges for its service that were either false or misleading.  Each of these statements contributed to the deceptive context of Google's unlawful advertising and representations as a whole.

76.     Google knew that the Project Fi service was miscalculating data usage and overcharging customers and was not suitable for providing mobile data on a pay-as-you-go basis to customers to the extent represented in promotional materials. Numerous consumers have complained to Google about this issue over a period of many months. Google nevertheless failed to disclose the defects in its service despite having a duty to do so.

77.     A reasonable consumer would not have paid as much as he or she did for Project Fi if Google had disclosed (i) that Google overcharged customers; (ii) that Google charged customers for the use of data service provided independently of Google; (iii) that Google was aware of and not

1    adequately investigating its billing problems; and (iv) that Google did not comply with promotional

2    statements regarding its billing system. Google has wrongfully billed customers and collected

3    payment for services that customers obtained independently from third parties.

4            78.     Google owed Plaintiff a duty to disclose the defective nature of the Project Fi system,

5    including its miscalculation of data usage and overcharges because Google:

6            a.   Possessed exclusive knowledge of the defects causing Project Fi to miscalculate data

7                 usage and overcharge customers;

8            b.   Intentionally concealed the unlawful and misleading way in which customers were

9                 billed through a deceptive marketing campaign; and/or

10           c.   Made incomplete representations about the quality and reliability of the billing

11                system, while purposefully withholding material facts from Plaintiff that contradicted

12                these representations.

13           79.     Whether or not Google accurately bills for data usage is a fact that a reasonable

14   consumer would consider important in selecting a mobile data service. When Plaintiff subscribed to

15   Project Fi, he reasonably expected to be billed by Google for Project Fi-provided data only and not

16   for data usage provided independently by other data services.

17           80.     As a current Project Fi subscriber, Plaintiff faces an increased risk of future property

18   loss that would not be present if Google had not marketed and sold its defective Project Fi service.

19           81.     Google's unfair or deceptive acts or practices were likely to and did in fact deceive

20   reasonable consumers, including Plaintiff, about the billing practices.

21           82.     As a result of its violations of the CLRA detailed above, Google caused actual

22   damage to Plaintiff and, if not stopped, will continue to harm Plaintiff.

23           83.     There is no adequate remedy at law for Google's continued overbilling for Project Fi

24   services in violation of the CLRA, and these violations present a continuing risk to Plaintiff as well

25   as to the general public.

26           84.     On or about February 5, 2018, Plaintiff sent a notice and demand letter via certified

27   mail to Google's principal place of business in California, thereby satisfying Cal. Civ. Code §

28

1   1782(a).  After thirty days have passed without Google's taking, or agreeing to take, appropriate

2   corrective measures, Plaintiff may amend to seek damages on this claim.

3        85.     Pursuant to Cal. Civ. Code § 1780(a), Plaintiff seeks monetary relief against Google

4   measured as the greater of (a) actual damages in an amount to be determined at trial and (b) statutory

5   damages in the amount of $1,000 for each plaintiff and each member of the class they seek to

6   represent.

7        86.     Plaintiff also seeks punitive damages against Google because Google carried out

8   despicable conduct with willful and conscious disregard of the rights of others. Google intentionally

9   and willfully misrepresented the accuracy of its billing system and concealed material facts that only

10   it knew, all to avoid the expense and public relations nightmare of correcting a flaw in its mobile

11   data plan that it repeatedly promised Plaintiff was reliable, accurate, and affordable. Google is fully

12   aware of the way its billing system operates, the amount of data access that Google's service

13   provides to a given customer, and whether the billing system calculates monthly charges based only

14   upon that data or also based upon data provided independently by other services. Google's unlawful

15   conduct constitutes malice, oppression, and fraud warranting punitive damages.

16        87.     Plaintiff further seeks an order enjoining Google's unfair or deceptive acts or

17   practices, restitution, punitive damages, costs of Court, attorney's fees under Cal. Civ. Code

18   § 1780(e), and any other just and proper relief available under the CLRA.

19   **COUNT II**
**VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW**

20   **(CAL. BUS. & PROF. CODE § 17200, ET SEQ.)**

21        88.     Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

22        89.     Plaintiff asserts this claim on behalf of himself and members of the Class on behalf of

23   all persons or entities that purchased the Project Fi mobile data service.

24        90.     California Business and Professions Code section 17200 prohibits any "unlawful,

25   unfair, or fraudulent business act or practices." Google has engaged in unlawful, fraudulent, and

26   unfair business acts and practices in violation of the UCL.

27

28

91.     Google has violated the unlawful prong of section 17200 by its violations of the Consumer Legal Remedies Act, CAL. CIV. CODE § 1750, et seq., as set forth in Count I by the acts and practices set forth in this Complaint.

92.     Google has violated the fraudulent prong of section 17200 because the misrepresentations and omissions regarding the billing system as set forth in this Complaint were likely to deceive a reasonable consumer, and the information would be material to a reasonable consumer.

93.     Google has violated the unfair prong of section 17200 because the acts and practices set forth in the Complaint, including the marketing and sale of services that miscalculate data usage and overbill customers, and Google's failure to adequately investigate, disclose and remedy, offend established public policy, and because the harm they cause to consumers greatly outweighs any benefits associated with those practices. Google's conduct has also impaired competition within the mobile data market and has prevented Plaintiff from making fully informed decisions about whether to purchase Project Fi services and/or the price to be paid to purchase Project Fi services.

94.     Plaintiff has suffered an injury in fact, including the loss of money or property, because of Google's unfair, unlawful and/or deceptive practices. As set forth in the allegations above, in purchasing Project Fi services, Plaintiff relied on the misrepresentations and/or omissions of Google with respect to how Google tracks and bills data usage. Google's representations turned out not to be true because Google tracks and bills for data service provided independently by third parties.  Had Plaintiff known this he would not have subscribed to Project Fi and/or paid as much for it. Moreover, Google has wrongfully billed Plaintiff and collected payment for services independently provided by third parties.

95.     All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Google's business. Google's wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated, both in the State of California and nationwide. Google is fully aware of the way its billing system operates, the amount of data that Google and its partners provide to a given customer, and whether the billing system calculates monthly charges based only upon that data or also based upon data independently provided by other services.

1    Numerous consumers have complained to Google about this problem over a period of many months,

2    but Google has failed to rectify it.

3        96.    Plaintiff requests that this Court enter such orders or judgments as may be necessary

4    to enjoin Google from continuing their unfair, unlawful, and/or deceptive practices, and to restore to

5    Plaintiff and members of the Class any money Google acquired by unfair competition, including

6    restitution and/or restitutionary disgorgement, as provided in CAL. BUS. & PROF. CODE § 17203

7    and CAL. CIV. CODE § 3345; and for such other relief set forth below.

**COUNT III**
**VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW**
**(CAL. BUS. & PROF. CODE § 17500, ET SEQ.)**

10       97.    Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

11       98.    Plaintiff asserts this claim on behalf of themselves and members of the Class on

12   behalf of any person or entity that purchased Project Fi services.

13       99.    California Business and Professions Code § 17500 states: "It is unlawful for any …

14   corporation … with intent directly or indirectly to … perform services, professional or otherwise . . .

15   to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to

16   be made or disseminated … from this state before the public in any state, in any newspaper or other

17   publication, or any advertising device, … or in any other manner or means whatever, including over

18   the Internet, any statement … which is untrue or misleading, and which is known, or which by the

19   exercise of reasonable care should be known, to be untrue or misleading."

20       100.   Google caused to be made or disseminated through California and the United States,

21   through advertising, marketing and other publications, statements that were untrue or misleading,

22   and which were known, or which by the exercise of reasonable care should have been known to

23   Google, to be untrue and misleading to consumers and Plaintiff.

24       101.   Google has violated section 17500 because the misrepresentations and omissions

25   regarding its billing practices as set forth in this Complaint were material and likely to deceive a

26   reasonable consumer.

27       102.   Plaintiff and members of the Class have suffered an injury in fact, including the loss

28   of money or property, because of Google's unfair, unlawful and/or deceptive practices. In

subscribing to Project Fi, Plaintiff relied on the misrepresentations and/or omissions of Google with respect to the affordability of Project Fi and the accuracy of its billing practices. Google's representations turned out not to be true because Google tracks and bills for data service provided independently by third parties. Had Plaintiff known this, he would not have subscribed to Project Fi and/or paid as much for it. And Google has wrongfully billed Plaintiff and collected payment for services independently provided by third parties.

103. Accordingly, the Plaintiff overpaid for Project Fi and did not receive the benefit of his bargain.

104. All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Google's business. Google's wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated, both in the State of California and nationwide. Google is fully aware of the way its billing system operates, the amount of data that Google itself provides to a given customer, and whether the billing system calculates monthly charges based only upon that data or also based upon data independently provided by other services. Numerous consumers have complained to Google about this problem over a period of many months, but Google has failed to rectify it.

105. Plaintiff requests that this Court enter such orders or judgments as may be necessary to enjoin Google from continuing its unfair, unlawful, and/or deceptive practices and to restore to Plaintiff and members of the Class any money Google acquired by unfair competition, including restitution and/or restitutionary disgorgement, and for such other relief set forth below.

**COUNT IV**
**BREACH OF CONTRACT**

106. Plaintiff incorporates by reference and reallege all paragraphs alleged herein.

107. This Count is asserted on behalf of those plaintiffs and class members who purchased Project Fi services.

108. By soliciting and obtaining Plaintiff's subscription to the Project Fi service, Google entered into a contract with Plaintiff.

109. The Project Fi Terms of Service form part of that contract and bind Google.

110.    Through the Terms of Service, Google promises to bill its customers only for their use of Google's products and services and requires users only to pay charges for the services they use.

111.    Through the Terms of Service, Google promises only to use information collected from devices to bill and collect payment for the Project Fi services.

112.    Despite these express obligations, Google has tracked its customers' data usage across independent data services and billed its customers for the use of that data whether or not it was provided through Google's mobile data service.

113.    Google has therefore breached the contract with Plaintiff and the class.

114.    Accordingly, the Plaintiff overpaid for Project Fi and did not receive the benefit of his bargain.

115.    As a direct and proximate result of Google's breach of contract, Plaintiff and the Class have been damaged in an amount to be determined at trial, which shall include, but is not limited to, all compensatory damages, incidental and consequential damages, and other damages allowed by law.

116.    There is no adequate remedy at law for Google's continued overbilling for mobile data services in breach of its contract, and these breaches present a continuing risk to Plaintiff as well as to the public. Numerous consumers have complained to Google about this problem over a period of many months, but Google has failed to rectify it.

117.    Plaintiff requests that this Court enter such orders or judgments as may be necessary to enjoin Google from continuing its breaches of contract and to restore to Plaintiff and members of the Class any money Google acquired by way of breach, including restitution and/or restitutionary disgorgement, and for such other relief set forth below.

## PRAYER FOR RELIEF

A.    Injunctive relief, restitution, statutory, and punitive damages under the CLRA;

B.    Restitution or restitutionary disgorgement as provided in Cal. Bus. & Prof. Code § 17203 and Cal. Civ. Code § 3343;

C.    Injunctive relief, restitution and appropriate relief under Cal. Bus. & Prof. Code § 17500;

1    D.    Compensatory damages, according to proof;

2    E.    Rescission of contracts with Google concerning the mobile data services;

3    F.    Punitive damages;

4    G.    Reasonable costs and expenses and attorneys' fees, including counsel and expert fees;

5    and

6    H.    Any other relief this Court determines to be necessary and appropriate.

7                              **DEMAND FOR JURY TRIAL**

8    Plaintiff demands a trial by jury on all issues so triable.

9

10   DATED:  February 5, 2018              **HAGENS BERMAN SOBOL SHAPIRO LLP**

11

12                                        By: /s/ Shana E. Scarlett_____
                                          Shana E. Scarlett (217895)
13                                        715 Hearst Avenue, Suite 202
                                          Berkeley, CA 94710
14                                        Telephone: (510) 725-3000
                                          Facsimile: (510) 725-3001
15                                        shanas@hbsslaw.com

16                                        Robert B. Carey (*pro hac vice forthcoming*)
                                          rob@hbsslaw.com
17                                        John M. DeStefano (*pro hac vice forthcoming*)
                                          johnd@hbsslaw.com
18                                        11 West Jefferson Street, Suite 1000
                                          Phoenix, AZ 85003
19                                        Telephone: (602) 840-5900
                                          Facsimile: (602) 840-3012
20

21                                        **NEGRETTI & ASSOCIATES PLC**
                                          Jonathan Negretti
22                                        jonathan@negrettilaw.com
                                          2415 E Camelback Rd, Suite 700
23                                        Phoenix, AZ  85016
                                          Telephone: (602) 531-3911
24

25                                        *Attorneys for Plaintiff and the Proposed Class*

26

27

28

CLASS ACTION COMPLAINT                    - 21 -
No.: 5:18-cv-753
010729-11 1013438 V1