United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| GORDON BEECHER,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE NORTH AMERICA INC.,<br><br>Defendant. | Case No. 18-cv-00753-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF 29] |

Before the Court is Defendant Google North America, Inc.'s ("Google") Motion to Dismiss Plaintiff Gordon Beecher's ("Beecher") First Amended Complaint ("FAC"). *See* Mot., ECF 29. In his FAC, Beecher, on behalf of himself and a class of similarly situated plaintiffs, alleges that Google materially misrepresented the functionality of its mobile phone and data services program "Project Fi." FAC ¶ 2, ECF 27. Specifically, Beecher alleges that Google falsely promised customers that they would not be charged for mobile data when they were connected to WiFi. *See id.* Based on these alleged misrepresentations, Beecher asserts the following causes of action: (1) violations of the Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750, *et seq.*); (2) violations of the California Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200, *et seq.*); (3) violations of the California False Advertising Law ("FAL") (Cal. Bus. & Prof. Code § 17500, *et seq.*); and (4) breach of contract. Google moved to dismiss on May 7, 2018. This Court held a hearing on the motion on October 4, 2018. For the reasons stated on the record at the hearing and as set forth below, the motion to dismiss is GRANTED WITH LEAVE TO AMEND.

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation*

*Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As an initial matter, the Court agrees with Google that Beecher's claims under the UCL, FAL, and CLRA must meet the heightened pleading standards of Rule 9(b). *See* Mot. at 6. Beecher's allegations are rooted in a "unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of [each] claim," such that the claims are "grounded in fraud" and "must satisfy the particularity requirement of Rule 9(b)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Beecher does not refute this argument; indeed, he refers to these claims as "fraud-based." Opp. at 9, ECF 35. Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns*, 567 F.3d at 1124 (quoting *Yess v. Ciba–Geigy Corp. USA*, 317 F. 3d 1097, 1106 (9th Cir. 2003)).

Under this standard, Beecher's FAL, UCL, and CLRA claims are insufficiently pled because he fails to allege that he actually relied on any alleged misrepresentations by Google. Courts in this district have consistently held that "plaintiffs in misrepresentation cases must allege that they actually read the challenged representations" to state a claim. *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2017 WL 3727318, at *27–*28 (N.D. Cal. Aug. 30, 2017) (citation omitted) (dismissing UCL fraud claim for failure to plead actual reliance); *Bruton v. Gerber Prod. Co.*, No. 12-CV-02412-LHK, 2014 WL 172111, at *6, *9 (N.D. Cal. Jan. 15, 2014) (citing *In re Tobacco II Cases*, 46 Cal. 4th 298, 328 (2009)) (dismissing claims

2

under UCL, FAL, and CLRA based on plaintiff's failure to allege he viewed the alleged misrepresentations). Nowhere in his FAC does Beecher allege that he viewed Google's alleged misrepresentations, much less that he relied on those misstatements. This failure is fatal to his claims.

Beecher's argument that he need not plead actual reliance as to his omissions-based claims is unavailing. By Beecher's own admission, these claims are actionable "because Google made *partial representations* that would be considered misleading without complete disclosure," and because Google knew the "service would not perform *as advertised*." Opp. at 10 (emphases added). Beecher's failure to allege that he saw these antecedent "partial representations" or "advertise[ments]" is similarly fatal to his omissions-based claims.

Next, the Court finds that Beecher fails to state a claim for breach of contract. Under governing law, Beecher must point to specific contractual terms which were allegedly breached. *See, e.g.*, *Miron v. Herbalife Int'l, Inc.*, 11 F. App'x. 927, 929 (9th Cir. 2001) (affirming dismissal of contract claim where the plaintiffs "failed to allege any provision of the contract which supports their claim"); *Frezza v. Google Inc.*, No. 5:12-CV-00237-RMW, 2013 WL 1736788, at *3 (N.D. Cal. Apr. 22, 2013) ("In order to properly plead a breach of contract the plaintiffs must present the material terms and conditions of the contract in writing or in substance . . . .").

Here, Beecher bases his breach of contract claim on the Terms of Service, alleging that Google promises (1) that "customers will be charged only for their use of Google's products and services," (2) "not to charge for data use while customers are connected to WiFi"; and (3) "only to use information collected from devices to bill and collect payment from the Project Fi services." FAC ¶¶ 122–23. In support of this proposition, Beecher cites the following allegations in the FAC: (1) Paragraph 13, which does not contain an actual term from the Terms of Service; (2) Paragraph 15, which alleges that the Terms of Service allow Google "to automatically collect payments of all charges associated with the use of the Services from your designated payment method"; and (3) Paragraph 16, which alleges that the Terms state that Google will "[b]ill you and collect payment for the Services and devices that you [customers] purchased" (alterations in original). *See* Opp. at 5. But none of these terms makes any of the promises Beecher alleges they

3

do. Indeed, the crux of the allegations turns on alleged misrepresentations contained on Google's website, not in the Terms of Service. *See, e.g.*, *id.* ¶¶ 19–44. Though Beecher and Google dispute whether the FAQs on the website are incorporated into the contract between the parties,[1] Beecher does not allege that the FAQs are so incorporated, and thus the Court need not reach the issue, and the FAQs cannot save this claim.

Similarly, Beecher's UCL claim fails on the unfair prong as well. To the extent the claim is based on Google's allegedly fraudulent misrepresentations, Beecher must show actual reliance. *See Bruton*, 2014 WL 172111, at *6. To the extent the claim is based on his breach of contract claim, the UCL claim must be dismissed because the breach of contract claim is dismissed.

Finally, Google argues that Beecher's FAC abandons a theory of liability included in his original Complaint, namely "that he was charged for the Wi-Fi data he used when connected to a Wi-Fi network," and that he "now alleges that he was only charged for the cellular data he used in that circumstance." Mot. at 12 (emphases omitted). Beecher refutes this claim (*see* Opp. at 7) and argued at the hearing that his FAC attempts to encapsulate both theories of liability. Liberally construing the allegations in the FAC, the Court finds that Beecher did not abandon this theory of liability. However, the FAC allegations do not sufficiently allege this theory, and any amended complaint must more clearly elucidate the two separate theories.

Accordingly, the Court GRANTS WITH LEAVE TO AMEND Google's motion to dismiss as to all four claims. Beecher's second amended complaint is due **on or before October 30, 2018.**

**IT IS SO ORDERED.**

Dated: October 9, 2018

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge

---

[1] The Court need not and does not take judicial notice of Google's FAQs to resolve this motion. *See* Mot. at 14–15 (requesting the Court take judicial notice of the FAQs).

4